

# THE ATTORNEY GENERAL
## OF TEXAS

JOHN L. HILL
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

September 20, 1976

The Honorable L. J. Lacina, Jr.
County Attorney
Washington County
P. O. Box 557
Brenham, Texas   77833

Opinion No. H-878

Re:  Whether an MH/MR
state school is entitled
to a distribution of the
available school fund or
the county permanent school
fund.

Dear Mr. Lacina:

You have asked for our opinion on four questions involving the available and permanent school funds for Washington County. Your first two questions concern whether the Brenham State School Independent School District is entitled to a distribution of the state available school fund or the county available or permanent school fund. The district was established by Acts 1973, 63rd Leg., ch. 200 at 450, and is part of a statewide entity, i.e. the Department of Mental Health and Mental Retardation, with the Texas Board of Mental Health and Mental Retardation acting as "ex officio trustees."

You ask:

> 1.  Is the Brenham State School entitled to a share and distribution of the available school fund?
>
> 2.  Upon distribution of the permanent school fund pursuant to Section 6, Article 7, of the Constitution of the State of Texas, is the Brenham State School, a facility of the Texas Department of Mental Health and Mental Retardation, entitled to a share in the distribution?

In answer to your first question, article 7, section 5 of the Texas Constitution, which establishes the state available school fund, provides in pertinent part:

> The available school fund shall be applied annually to the support of the <u>public free schools</u>.  And no law shall ever be enacted appropriating any part of the permanent or available school fund to any other purpose. . . . (Emphasis added).

We also note that the Constitution "provide[s] a permanent fund for the support, maintenance and improvement" of facilities for the mentally retarded on a statewide basis, rather than for each individual county.  Tex. Const. art. 7, § 9.  Further, the Education Code, which is applicable to and generally governs Texas schools, does not provide for the school districts of the Department of Mental Health and Mental Retardation.  Section 1.04 of the Code provides:

> (a) This code shall apply to all educational institutions supported either wholly or in part by state tax funds <u>unless specifically excluded</u>.
>
> (b) This code <u>shall not apply to those eleemosynary institutions under the control and direction of the Department of Mental Health and Mental Retardation or to the institutions and activities</u> of the Texas Youth Council.  (Emphasis added).

In our opinion, the Brenham State School is not a "free public school" in the constitutional sense and is therefore not entitled to a share and distribution of the state available school fund.

Your second question involves use and distribution of the county available and county permanent school funds.  Since the county available fund was created "for the benefit of public schools" within each individual county, the Brenham State School is not entitled to a share or distribution of this fund because the school does not qualify as a "public school" in the constitutional sense, and the students of the school are not necessarily residents of Washington County.

Tex. Const. art. 7, §§ 5 and 6. See Education Code, § 1.04. With regard to the possible sale of county permanent school fund land under article 7, section 6b of the Constitution, the use of the funds are limited to "reducing bonded indebtedness of those districts or for making permanent improvements." We note that the Brenham State School, as part of the Department of Mental Health and Mental Retardation, is state funded and has no bonded indebtedness and that permanent improvements are awarded through the Department; therefore, article 7, section 6b has no application to the Brenham State School. Thus, we also answer your second question in the negative.

Your last two questions involve distribution of the county permanent school fund under article 7, section 6b. You ask:

> 3. Upon distribution of the permanent school fund to the respective school districts entitled thereto, may the school district invest its share in these funds pending application of the funds toward payment of bonded indebtedness or construction of improvements?
>
> 4. If a school district may invest its funds, pending use for the constitutionally permitted purpose, is the interest earned on such funds available for use by the district for purposes other than retirement bonds or construction of improvements?

Article 7, section 6b, which was adopted in 1972, provides that

> any county, acting through the commissioners court, may reduce the permanent school fund of that county and may distribute the amount of reduction to the independent and common school districts of the county on a per scholastic basis to be used solely for the purpose of reducing bonded indebtedness of those districts or for making permanent improvements. (Emphasis added).

In your brief, you stated that, logically, the distributed funds could not be immediately applied towards reduction of bonded indebtedness or construction of permanent improvements and that investing the funds in the interim period would insure that no earnings would be lost to the school children of the county. You have informed us that the deposit of the funds in an interest bearing account will be a temporary measure until currently obligated payments to bondholders or contractors become due, and our decision is based on this premise. The language of article 7, section 6b is of recent origin and has not been interpreted by the courts; however, we believe that the investment you suggest is permissible as long as the resulting income (interest) and the principal are not expended except as directed by the constitutional amendment. As trustee of the fund, the Commissioners Court may have a continuing obligation to insure that the fund is spent for the constitutional purpose. See Attorney General Opinion M-1104 (1972). We therefore answer your third question in the affirmative; however, we must answer your fourth and final question in the negative. The interest earned on the funds pending their use for the constitutionally permitted purpose is part of the "fund" and may not be used except for the sole "purpose of reducing bonded indebtedness . . . or making permanent improvements." Tex. Const. art. 7, § 6b. See Attorney General Opinion H-391 (1974).

### S U M M A R Y

The Brenham State School is not a public free school in the constitutional sense and is therefore not entitled to a share and distribution of the state available, county available or county permanent school funds. The district may temporarily invest the distribution of the county permanent school fund pending its use for the constitutionally permitted purpose; however, the interest earned must also be used only for the reduction of bonded indebtedness or construction of permanent improvements under article 7, section 6b of the Texas Constitution.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb